# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

TUSHBABY, INC.,

  Plaintiff,

   v.

THE CORPORATIONS, LIMITED
LIABILITY COMPANIES, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

  Defendants.

Case No.: 24-cv-20941

## COMPLAINT

Plaintiff TUSHBABY, INC. ("Plaintiff"), by and through undersigned counsel, hereby alleges as follows against the corporations, limited liability companies, and unincorporated associations identified on **Schedule A** attached hereto (collectively, "Defendants"):

### INTRODUCTION

1.    This action has been filed by Plaintiff to combat e-commerce sellers online who infringe Plaintiff's intellectual property rights and trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's distinctive trade dress (the "TUSHBABY Trade Dress") as well as copyrights, which are covered by at least U.S. Copyright Office Registrations No. VA 2-355-341, VA 2-360-715, VA 2-360-714, VAu 1-511-350, VA 2-360-713, VAu 1-511-354, VAu 1-511-372, and VAu 1-508-280 (collectively, the "TUSHBABY Copyright Registrations"). The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal copyright registration certificates for the TUSHBABY Copyright Registrations are attached hereto as **Exhibit 1**.

2.      Tushbaby's premier product is the Tushbaby Hip Seat Carrier (the "TUSHBABY Carrier"), a stylish and innovative baby carrier. The TUSHBABY Carrier bears the unique and distinctive TUSHBABY Trade Dress which consists of the overall design and configuration of the product, as shown in the copyright-protected photographs below:

 

3.      Defendants are improperly advertising, marketing and/or selling unauthorized and non-compliant products (the "Infringing Products") by reference to and/or embodying Plaintiff's trade dress and copyrights, which causes further confusion and deception in the marketplace.

4.      The Defendants have created numerous fully interactive commercial internet stores operating under the online marketplace accounts identified in Schedule A (collectively, the "Defendant Internet Stores"). The Defendants design the Defendant Internet Stores to appear to be selling Plaintiff's genuine TUSHBABY products that embody and/or are sold by reference to the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations (the "TUSHBABY Products"), while selling inferior imitations of such products. The Defendant Internet Stores also share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal

operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operations. Plaintiff is forced to file this action to combat Defendants' infringement of the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations, as well as to protect unknowing consumers from purchasing Infringing Products. As a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion and tarnishment of its valuable copyrights and goodwill and, therefore, seeks injunctive and monetary relief.

5.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Florida and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Florida and in this Judicial District. In addition, each Defendant has offered to sell and ship and/or sold and shipped infringing products into this Judicial District.

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the trade dress claim pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1151, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2.      This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

3.      This Court has original subject matter jurisdiction over the false designation of origin claim in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

4.     This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets consumers in the United States, including Florida, through at least Defendant Internet Stores. Specifically, Defendants are reaching out to do business with Florida residents by operating one or more commercial, interactive Internet Stores through which Florida residents can purchase unauthorized and illegal products marketed and sold by reference to and/or embodying Plaintiff's trade dress and/or copyrights. Each of the Defendants has targeted sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars, and, on information and belief, has sold unauthorized and illegal products by reference to and/or embodying Plaintiff's trade dress and/or federally registered copyright to residents of Florida. Each of the Defendants is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright and trade dress infringement in this judicial district, do substantial business in the judicial district, have registered agents in this judicial district, and reside or may be found in this district.

### THE PLAINTIFF

6.     Plaintiff TUSHBABY, INC. ("TUSHBABY.") is a corporation incorporated under the laws of California and is the owner of the TUSHBABY Trade Dress and TUSHBABY

Copyright Registrations referred to above and corresponding federal registrations attached as Exhibit 1.

7.     Plaintiff is a leading infant carrier manufacturer and distributor, and has earned a reputation for quality, reliability and value. Plaintiff's TUSHBABY Products constitute a breakthrough in the infant care industry.

8.     Plaintiff is the official source of TUSHBABY Products in the United States, which include the proprietary TUSHBABY Carrier, a single carrier that provides for the carrying of children aged 0-3 years old, with five storage pockets and a hideable bottle holder.  Exemplary images of the TUSHBABY Products, which consist primarily of iteration of the TUSHBABY Carrier, are below:

 

9.     Since at least 2018, the TUSHBABY Products have been the subject of substantial and continuous marketing and promotion by Plaintiff, including by way of the TUSHBABY Copyright Registrations.  Plaintiff has and continues to widely market and promote TUSHBABY Products in the industry and to consumers. Plaintiff's promotional efforts include — by way of example but not limitation — substantial print media, the TUSHBABY Products' website and

social media sites, and point of sale materials, all of which featuring at least a portion of the TUSHBABY Copyright Registrations.

10.     Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TUSHBABY Products. The TUSHBABY Carrier has received the Mom's Choice Award in 2022 and TUSHBABY has received praise from various media outlets such as Buzzfeed, Insider, and Forbes Magazine. As a result, products bearing the TUSHBABY Trade Dress and/or TUSHBABY Copyrights are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

11.     Plaintiff also owns all exclusive rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the TUSHBABY Products, including without limitation the TUSHBABY Copyright Registrations.

**THE DEFENDANTS**

12.     Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Florida and in this Judicial District, through the Defendant Internet Stores. Each Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including Florida and in this Judicial District.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

13.     The success of the TUSHBABY Products has resulted in significant infringement of the product's corresponding intellectual property rights.

14.     Plaintiff has identified several marketplace listings on platforms such as Amazon, including the Defendants' Internet Stores, which are offering for sale, selling, and importing Infringing Products to consumers in this Judicial District and throughout the United States.

15.     Defendants have persisted in creating the Defendants' Internet Stores.  In fact, such online marketplaces and stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

16.     On personal knowledge and belief, Defendants facilitate sales by designing the Defendants' Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine TUSHBABY Products.

17.     Many of the Defendants' Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such infringing sites from TUSHBABY's own authorized sites. Defendants further perpetuate the illusion of legitimacy by offering services such as free returns, and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

18.     Plaintiff has not licensed or authorized Defendants to use the TUSHABY Trade Dress or TUSHBABY Copyright Registrations, and none of the Defendants are authorized retailers of genuine TUSHBABY Products.

19.     On personal knowledge and belief, Defendants use unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine TUSHBABY Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new product listings and internet stores to the top of search results after others are shut down.

20.     On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate the Defendant Internet Stores. For example, it is common practice for infringers of intellectual property rights like Defendants to register their marketplace user accounts with incomplete information, randomly typed letters, or omitted cities or states.

21.     On personal knowledge and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses.

22.     On personal knowledge and belief, the Infringing Products for sale in the Defendants' Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that the Defendants are interrelated.

23.     The Defendants' Internet Stores also include other notable common features, including accepted payment methods, check-out methods, lack of contact information, identically or similarly priced items, and the use of the same or similar text and images.

24.     In addition, Defendants in this case and defendants in other similar cases against online sellers of infringing goods use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace user accounts once they receive notice of a lawsuit.[1]

25.     Infringers also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.[2]

---

[1] https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters are adept at "setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites") (last visited February 19, 2024).

[2] While discussed in the context of false pharma supply chains, rogue internet servers and sellers are a well-known tactic that have even been covered in congressional committee hearings.

26.     Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

27.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts.

28.      On personal knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

29.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and Florida over the Internet.

30.     Each Defendant Internet Store offers shipping to the United States, including Florida (in this Judicial District) and, on information and belief, each Defendant has offered to sell counterfeit TUSHBABY Products into the United States, including Florida (in this Judicial District), which is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

---

https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm (last visited February 19, 2024).

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101, et seq.)**

31.    Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-30 of this Complaint.

32.    Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the TUSHBABY products, including without limitation copyrights covered by the TUSHBABY Copyright Registrations.

33.    Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the TUSHBABY copyrights without Plaintiff's permission.

34.    Defendants had access to the TUSHBABY products incorporating Plaintiff's registered copyrights before Defendants created their Defendant Internet Stores.

35.    Upon information and belief, Defendants have directly copied Plaintiff's copyrights for the TUSHBABY products. Alternatively, Defendants' representations of Plaintiff's copyrights for the TUSHBABY products in the Defendant Internet Stores are strikingly similar, or at the very least substantially similar, to Plaintiff's copyrights for the TUSHBABY products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's copyrights for the TUSHBABY products. As just one example, Defendants deceive unknowing consumers by using the TUSHBABY copyrights without authorization within the product descriptions of their Defendant Online Store to attract customers as follows:

Baby Products › Travel Gear › Carriers & Accessories › Slings



Roll over image to zoom in



Mom's Choice Award Winner - CozyOne CPC-Certified Baby Hip Carrier, Adjustable Waistband with Abdominal Support Design & Various Pockets for Newborns & Toddlers 8-44 lbs Carrier (Grey)

Visit the CozyOne Store

4.6 ★★★★☆ · 252 ratings · Search this page

**Amazon's Choice** in Child Carrier Slings by CozyOne

500+ bought in past month

-13% $39⁹⁹

Typical price: $45.99 ⓘ

✓prime One-Day
FREE Returns ⌄
Exclusive Prime price

Coupon: ☐ Apply 10% coupon  Shop items › | Terms

Redeem  Save 20% with brand promotion XH3ZI5FEOYX9

Shop items ›

With **Amazon Business**, you would have **saved $227.57** in the last year. Create a free account and **save up to 19%** today.

Color: **Grey**



Roll over image to zoom in

HKAI Baby Hip Carrier, Mom's Choice Award Winner, Baby Carrier with Adjustable Waistband & Breathable Mesh, Ergonomic Carrier with Non-Slip Hip Seat Surface for Newborns & Toddlers, (Grey)

Visit the HKAI Store

4.6 ★★★★☆ · 1,164 ratings · Search this page

3K+ bought in past month

-20% $39⁹⁹

List Price: $49.99 ⓘ

✓prime
FREE Returns ⌄
Exclusive Prime price

Coupon: ☐ Apply 10% coupon  Shop items › | Terms

Unlock a $100 Amazon Gift Card upon approval for Prime Visa.

Color: **Grey**



**Delivery** | Pickup

$39⁹⁹
✓prime
FREE Returns ⌄

FREE delivery **Thursday, February 22**

⊙ Deliver to Rosanna - Miami 33131

**In Stock**

Buy 2 or more, save 3%
Discount by Amazon  Terms

Quantity: 1 ⌄

Add to Cart

Buy Now

Ships from    Amazon
Sold by      BogiWell Direct
Returns      Eligible for
             Return, Refund or
             Replacement...
Packaging    Ships in product
             packaging

⌄ See more





Roll over image to zoom in

**Momcozy Hip Seat Baby Carrier - Adjustable Waistband with Original 3D Belly Protector, Ergonomic Carrier with Various Pockets for Newborns & Toddlers up to 45lbs (Black, Medium)**

Visit the Momcozy Store

4.7 ★★★★☆ | 180 ratings | Search this page

1K+ bought in past month

**Limited time deal**

**-20%** $39⁹⁹

Typical price: $49.99 ⓘ

✓prime Two-Day

FREE Returns ⌄

Unlock a $100 Amazon Gift Card upon approval for Prime Visa.

**Extra Savings** Save 10% o... 3 Applicable Promotion(s) ⌄

Color: **Black**

Size: **Medium**

---

**Delivery** | Pickup

$39⁹⁹

✓prime Two-Day
FREE Returns ⌄

FREE delivery **Wednesday, February 21**. Order within **5 hrs**

⊙ Deliver to Rosanna - Miami 33131

**In Stock**

**Buy 2 or more, save 3%**
Discount by Amazon  Terms ⌄

Quantity: 1 ⌄

**Add to Cart**

**Buy Now**

Ships from   Amazon
Sold by   Momcozy
   Maternity
   Essential
Returns   Eligible for
   Return, Refund or
   Replacement...
Payment   Secure transaction

---





Roll over image to zoom in

**Baby Hip Seat Carrier, GROWNSY Ergonomic Hip Seat Baby Carrier with Multiple Pockets, Adjustable Extended Waistband for Newborns & Toddlers up to 50 lbs, Black**

Visit the GROWNSY Store

4.4 ★★★★☆ | 167 ratings | Search this page

**Amazon's Choice** in Baby & Toddler Carriers by GROWNSY

800+ bought in past month

$39⁹⁹

✓prime Two-Day
FREE Returns ⌄

**Coupon:** ☐ Apply 20% coupon Shop items › | Terms

With **Amazon Business**, you would have **saved $85.73** in the last year. Create a free account and **save up to 2%** today.

Unlock a $100 Amazon Gift Card upon approval for Prime Visa.

**Extra Savings** Save 10% on S... 1 Applicable Promotion ⌄

Color: **Black**

$39.99 ✓prime | $44.99 ✓prime | $42.99 ✓prime

---

**Delivery** | Pickup

$39⁹⁹

✓prime Two-Day
FREE Returns ⌄

FREE delivery **Wednesday, February 21**. Order within **5 hrs 43 mins**

⊙ Deliver to Rosanna - Miami 33131

**In Stock**

Quantity: 1 ⌄

**Add to Cart**

**Buy Now**

Ships from   Amazon
Sold by   YR Union
Returns   Eligible for
   Return, Refund or
   Replacement...
Packaging   Ships in product
   packaging

⌄ See more

☐ Add a gift receipt for easy





**Mom's Choice Award Winner - CozyOne CPC-Certified Baby Hip Carrier, Adjustable Waistband with Abdominal Support Design & Various Pockets for Newborns & Toddlers 8-44 lbs Carrier (Black)**

Visit the CozyOne Store

4.6 ★★★★☆  239 ratings  |  Search this page

Amazon's Choice  in Child Carrier Slings by CozyOne

900+ bought in past month

-13% $39.99

Typical price: $45.99

✓prime One-Day

FREE Returns ⌄

Coupon: ☐ Apply 10% coupon  Shop items ›  |  Terms

With Amazon Business, you would have saved $93.20 in the last year. Create a free account and save up to 19% today.

Color: Pure Black

| $135.00 ✓prime | $39.99 ✓prime | $39.99 ✓prime |

| Color | Pure Black |
| Material | Polyester |







*Infringing Products Sold on Defendant Internet Stores*

*Compared to*











36.     Defendants' exploitation of Plaintiff's copyrights for the TUSHBABY products in the Defendant Internet Stores constitutes infringement of Plaintiff's TUSHBABY Copyright Registrations.

37.     On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. Each Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of Infringing Products.

38.     Each Defendant either knew, or should have reasonably known, that Plaintiff's TUSHBABY products were protected by copyright and their representations infringed on Plaintiff's copyrights. Each Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted work.

39.     As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

40.     In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

41.     In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

42.     Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

43.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

44.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TUSHBABY copyrights.

**SECOND CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN & PASSING OFF**
**(15 U.S.C. § 1125(a))**

45.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-44 of this Complaint.

46.     Defendants' promotion, marketing, offering for sale, and sale of infringing TUSHBABY Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' infringing TUSHBABY Products by Plaintiff.

47.     By using the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations in connection with the sale of the Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the infringing TUSHBABY products.

48.     Defendants' use of trade dress that is confusingly similar to the TUSHBABY Trade Dress without Tushbaby's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of the Infringing Products constitutes a false designation of origin and a false or misleading description or representation of goods, tending wrongfully and falsely to describe or represent a connection between Tushbaby's and Defendants' products.

49.     Defendants' conduct constitutes misrepresentation of fact as to the origin and/or sponsorship of the infringing TUSHBABY products to the general public under 15 U.S.C. §1125.

50.     Tushbaby is informed and believes, and thereon alleges, that Defendants had actual knowledge of Tushbaby's ownership and prior use of the TUSHBABY Trade Dress prior to their infringing acts and have acted knowingly and willfully with intent to trade upon Tushbaby's goodwill to the detriment of Tushbaby.

51.     As a direct and proximate result of Defendants' actions, constituting false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition, Tushbaby has suffered and continues to suffer great and irreparable injury, for which Tushbaby has no adequate remedy at law.

52.     If Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill subsisting in its TUSHBABY Products.

## THIRD CAUSE OF ACTION
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Fla. Stat. § 501.201 et seq.)

53.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-52 of this Complaint.

54.     Defendants' unlawful, unauthorized, and unlicensed use of Plaintiff's trade dress and copyrights on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling, and/or otherwise dealing in Infringing Products was and is a willful and deliberate attempt to deceive, and actually has deceived, consumers and the public.

55.     As such, Defendants' actions as alleged herein constitute deceptive acts and unfair practices in the conduct of trade or commerce as defined and in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute § 501.201, et seq.

56.     As a direct result of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer damages and irreparable harm for which it has no adequate remedy at law.

57.     Pursuant to Florida Statute § 501. et seq., Florida Statute § 501.211 and Florida Statute § 501.2105, Plaintiff is entitled to enjoin Defendants' unlawful conduct, as well as obtain actual damages, plus attorney's fees and court costs.

**FOURTH CAUSE OF ACTION**

**FLORIDA COMMON LAW UNFAIR COMPETITION**

58.     Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-57 of this Complaint.

59.     Plaintiffs have not licensed or authorized Defendants to use the TUSHBABY Trade Dress or TUSHBABY Copyright Registrations, and none of the Defendants are authorized retailers of genuine TUSHBABY Products.

60.     Defendants knowingly and intentionally trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiffs' TUSHBABY Trade Dress and TUSHBABY Copyright Registrations.

61.     Defendants' promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff in violation of Florida's common law of unfair competition.

62.     Defendants knew, or should have known, that their promotion, marketing, offering for sale, and sale of Infringing Products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

63.     On information and belief, Defendants' conduct is willful and intentional as Defendants attempt to avoid liability by concealing their identities, using multiple fictitious names and addresses to register and operate their illegal and infringing operations and Defendant Internet Stores.

64.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.     using the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TUSHBABY product or is not authorized by Plaintiff to be sold in connection with the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations;

b.     passing off, inducing, or enabling others to sell or pass off any product as a genuine TUSHBABY product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under or by reference to the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations;

c.     committing any acts calculated to cause consumers to believe that Defendants' infringing TUSHBABY products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.     further infringing the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations and damaging Plaintiff's goodwill;

e.     otherwise competing unfairly with Plaintiff in any manner;

f.     shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which copy any Plaintiff copyright, including the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations or any reproductions, copies, or colorable imitations thereof; and

g.     using, linking to, transferring, or exercising control over the Defendant Internet Stores or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products and/or any other product that infringes the TUSHBABY Trade Dress and TUSHBABY Copyright Registrations.

2.     Entry of an Order that Amazon and any other online marketplace account provider:

a.     disable and cease providing services for any accounts through which Defendants engage in the sale of Infringing Products, including the Defendant Internet Stores and/or any other accounts associated with the Defendants listed on Schedule A; and

b.     disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products.

3.     The Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged.

4.     In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of Plaintiff's copyrights pursuant to

17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

5.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6.      Award any and all other relief that this Court deems just and proper.


Dated:      March 11, 2024                    Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ James W. Lee*
James W. Lee (FL Bar No. 67558)
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 357-8436
E-mail: jwlee@bsfllp.com

***Attorney for Plaintiff, Tushbaby Inc.***