# EXHIBIT D

| To: | Francesca M. Witzburg(fw@esca.legal) |
| Subject: | U.S. Trademark Application Serial No. 98310767 - - - TUSHB-TM1 |
| Sent: | April 26, 2024 05:34:33 PM EDT |
| Sent As: | tmng.notices@uspto.gov |

**Attachments**

### United States Patent and Trademark Office (USPTO)
#### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 98310767

**Mark:**

**Correspondence Address:**
Francesca M. Witzburg
ESCA LEGAL LLC
1177 6th Avenue, 5th FLR
New York NY 10036
United States

**Applicant:** TushBaby, Inc.

**Reference/Docket No.** TUSHB-TM1

**Correspondence Email Address:** fw@esca.legal

# PRIORITY ACTION NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** April 26, 2024

**USPTO database searched; no conflicting marks found.** The trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  15 U.S.C. §1052(d); TMEP §704.02.

**Applicant must address issues shown below.** The referenced application has been reviewed by the

assigned trademark examining attorney. On April 26, 2024, the examining attorney and Fracesca Witzburg discussed the issues below. Applicant must respond timely and completely to these issues. *See* 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

SUMMARY OF ISSUES:

- AMENDED DRAWING REQUIRED


AMENDED DRAWING REQUIRED

The drawing shows a two-dimensional image; however it is not clear from the record whether applicant is applying for (1) a two-dimensional design mark that is not trade dress; or (2) a three-dimensional mark that is trade dress for product design (i.e., the configuration or shape of the goods themselves), product packaging (i.e., the container in which the goods are sold), or a specific design feature of the product design or packaging. Thus, applicant must clarify whether the applied-for mark is intended to be a two-dimensional design or a three-dimensional configuration mark. *See* 37 C.F.R. §2.61(b); TMEP §1202.02(c)(i)-(c)(ii).

If applicant is applying for a two-dimensional design mark, applicant must clarify so for the record, and may amend the description accordingly. *See* 37 C.F.R. §2.61(b); TMEP §1202.02(c)(i)-(c)(ii).

Additionally, applicant must specify as not part of the mark the following elements of the applied-for product design mark because they do not function as a trademark to indicate the source of applicant's goods and to identify and distinguish them from others: the "label" shape (common carrier shape) and the "clasp" (functional button shape). *See* 15 U.S.C. §§1051-1052, 1056(a), 1127; TMEP §1202.02(b)(i), (c)(i)(B), (c)(iii)(B).

A product design can never be inherently distinctive as a matter of law; consumers are aware that such designs are intended to render the goods more useful or appealing rather than identify their source. *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 212-13, 54 USPQ2d 1065, 1068-69 (2000); *In re Slokevage*, 441 F.3d 957, 962, 78 USPQ2d 1395, 1399 (Fed. Cir. 2006). Thus, consumer predisposition to equate a product design with its source does not exist. *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. at 213, 54 USPQ2d at 1069.

If applicant is applying for a three-dimensional configuration mark that is trade dress, applicant must amend the description to provide a clear and concise description of the mark that does the following:

> (1)    Indicates the mark is a three-dimensional configuration of the product design or packaging, or of a specific design feature of the product design or packaging.
>
> (2)    Specifies all the elements in the drawing that constitute the mark and are claimed as part of the mark.
>
> (3)    Specifies any elements that are not part of the mark and indicates that the matter shown in broken or dotted lines is not part of the mark and serves only to show the position or placement of the mark.

*See* 37 C.F.R. §§2.37, 2.52(b)(2), (b)(4); *In re Famous Foods, Inc.*, 217 USPQ 177, 177 (TTAB 1983);

TMEP §§807.08, 807.10, 1202.02(c)(ii).

**The following amended description is suggested** (suggestion in ***bold italics***):

The mark consists of ***a three-dimensional*** the configuration of a pocket and a flap, with a snap on the flap and label above the snap. The matter shown in dotted lines is not part of the claimed mark.

**Scope Advisory - Material Alteration**

Applicant may amend the mark in the drawing to match the mark on the specimen but may not make any other changes or amendments that would materially alter the drawing of the mark. *See* 37 C.F.R. §2.72(a)-(b); TMEP §807.14. In the instant matter, the current drawing is limited only to claiming the pouch configuration located at the front of applicant's goods with unclaimed matter being presented in dotted lines.  Any amended drawing proposed by applicant seeking to introduce new matter will be refused as material alteration.

RESPONSE GUIDELINES

**Response guidelines.**  For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action.  For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above.  For a requirement, applicant should set forth the changes or statements.  Please see the Responding to Office Actions webpage for more information and tips on responding.

Please call or email the assigned trademark examining attorney with questions about this Office action.  Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.**  File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.

/David Hutchison/
David Hutchison
Examining Attorney
LO123--LAW OFFICE 123

(571) 272-6571
David.Hutchison@uspto.gov

## RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

**United States Patent and Trademark Office (USPTO)**

# USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on April 26, 2024 for
**U.S. Trademark Application Serial No. 98310767**

A USPTO examining attorney has reviewed your trademark application and issued an Office action.  You must respond to this Office action to avoid your application abandoning.  Follow the steps below.

**(1)  Read the Office action**.  This email is NOT the Office action.

**(2)  Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS).  Your response, or extension request, must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline.  Otherwise, your application will be abandoned.  See the Office action itself regarding how to respond.

**(3)  Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

# GENERAL GUIDANCE
- **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams**.  Protect yourself from people and companies that may try to take financial advantage of you.  Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you.  We will never request your credit card number or social security number over the phone.  Verify the correspondence originated from us by using your serial number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **Hiring a U.S.-licensed attorney**.  If you do not have an attorney and are not required to

have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process.  The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.