UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| TUSHBABY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MOMCOZY MATERNITY ESSENTIALS,<br><br>    Defendant.<br><br>MOMCOZY MATERNITY ESSENTIALS,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>TUSHBABY, INC.,<br><br>    Counterclaim-Defendant. | Case No. 24-cv-20941-DSL |

## MOMCOZY'S ANSWER TO AMENDED COMPLAINT

Defendant Momcozy Maternity Essential ("Momcozy" or "Defendant"), through its counsel, hereby responds to First Amended Complaint dated September 18, 2024 (ECF No. 41 "***FAC***") of Plaintiff Tushbaby, Inc. ("***Tushbaby***" or "***Plaintiff***") as set forth below. In response to all paragraphs of the Complaint, Momcozy denies each and every allegation except as expressly admitted herein.

### INTRODUCTION

1

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore deny the same.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore deny the same.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Defendant admits that this Court has personal jurisdiction. Defendant denies the rest of the allegation in Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 state conclusions of law to which no response is required.

9. The allegations in Paragraph 9 state conclusions of law to which no response is required.

10. The allegations in Paragraph 10 state conclusions of law to which no response is required.

11. The allegations in Paragraph 11 state conclusions of law to which no response is required.

12. The allegations in Paragraph 12 state conclusions of law regarding venue to which no response is required. Defendant denies the remaining allegations in Paragraph 12.

## THE PLAINTIFF

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny the same.

## THE DEFENDANT

20. Admitted.

## THE DEFENDANT'S UNLAWFUL CONDUCT

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101, et seq.)

29. Defendants incorporate by reference its responses to Paragraphs 1-28 of this Answer as if fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## SECOND CAUSE OF ACTION
## TRADE DRESS INFRINGEMENT
## (15 U.S.C. § 1114, et seq.)

42. Defendants incorporate by reference its responses to Paragraphs 1-28 of this Answer as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

### THIRD CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN & PASSING OFF
### (15 U.S.C. § 1125(a))

49. Defendants incorporate by reference its responses to Paragraphs 1-28 of this Answer as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

### FOURTH CAUSE OF ACTION
### VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Fla. Stat. § 501.201 et seq.)

57. Defendants incorporate by reference its responses to Paragraphs 1-28 of this Answer as if fully set forth herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## FIFTH CAUSE OF ACTION
## FLORIDA COMMON LAW UNFAIR COMPETITION

62. Defendants incorporate by reference its responses to Paragraphs 1-28 of this Answer as if fully set forth herein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**Prayer for Relief**

Defendant denies that Plaintiff is entitled for any of the relief from Defendant. Defendant further requests: (a) an order dismissing the FAC with prejudice; (b) an award of fees, interest and costs; and (c) such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Further answering the Complaint and as additional defenses thereto, Defendant asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff, and without prejudice to Defendant's right to plead additional defenses as discovery into the facts of this matter warrant:

**FIRST AFFIRMATIVE DEFENSE**

*Failure to State a Claim*

Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

*Invalid Trade Dress Registrations (Generic)*

The alleged trade dress that is the subject of Plaintiff's U.S. Registration No. 7,489,071 is invalid, *inter alia*, since it is generic.

**THIRD AFFIRMATIVE DEFENSE**

*Invalid Trade Dress Registrations (Functional)*

The alleged trade dress that is the subject of Plaintiff's U.S. Registration No. 7,489,071 is invalid, *inter alia*, since it is functional.

**FOURTH AFFIRMATIVE DEFENSE**

*Lack of Unfair Act/Lack of Likelihood of Confusion*

Defendant alleges that it has committed no unfair acts and/or acts that would create an actual or potential likelihood of confusion.

**FIFTH AFFIRMATIVE DEFENSE**

*No Willfulness or Intentionality*

Defendant alleges that any alleged infringement was not willful or intentional.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant will rely on any and all further defenses that become available or appear during discovery or other proceedings and specifically reserves the right to amend its pleadings to assert any such additional defenses or claims.

**MOMCOZY'S COUNTERCLAIMS**

This is an action brought under the Declaratory Judgment Act by Counterclaim-Plaintiff Momcozy Maternity Essential ("Momcozy" or "Defendant"), against Counterclaim-Defendant Tushbaby, Inc ("Defendant" or "Tushbaby"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Counterclaim-Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57. Counterclaim-Plaintiff seeks a declaration that it has not infringed any of Counterclaim-Defendant's alleged rights in trade dress U.S. Registration No. 7,489,071 (the "Tushbaby Trade Dress" or "071 Registration"), whether directly, contributorily, or vicariously, and that the Tushbaby Trade Dress is invalid. Additionally, Counterclaim-Plaintiff seeks a declaration of non-infringement concerning Counterclaim-Defendant's copyrights No. VA 2-360-715, VA 2-360-714, VAu 1-511-350, and VA 2-395-564 (collectively, the "***Tushbaby Copyrights***").

2. A case or controversy exists under the Federal Declaratory Judgment Act because Counterclaim-Defendant has sued Counterclaim-Plaintiff in this Court for trade dress infringement and Copyright infringement.

## THE PARTIES

3. Counterclaim-Plaintiff is a business entity resides in the People's Republic of China

4. Upon information and belief, Counterclaim-Defendant Tushbaby, Inc is a corporation incorporated under the laws of California with its principal address at 1990 N. California Blvd, 8th Floor, Walnut Creek, CA 94596.

## JURISDICTION AND VENUE

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Trademark Law, Copyright Law of the United States.

6. An actual case or controversy exists between the parties to this action. Counterclaim-Defendant has sued Counterclaim-Plaintiff. The circumstances show that there is a substantial controversy between Counterclaim-Plaintiff and Counterclaim-Defendant.

7. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Counterclaim-Defendant since the Counterclaim-Defendant has submitted to this Court's personal jurisdiction by suing Counterclaim-Plaintiff in this District.

## FACTUAL BACKGROUND

8. Counterclaim-Plaintiff sells baby hip seat carriers, baby bottle warmers and many other kinds of products on Amazon, using the storefront name Momcozy Maternity Essential.

9. Counterclaim-Plaintiff's products are popular and well-established on the Amazon platform.

10. Upon information and belief, Counterclaim-Defendant is also in the business of selling the baby hip seat carrier products.

11. Counterclaim-Defendant's Tushbaby Trade Dress was registered on August 27, 2024. The certificate of the alleged Tushbaby Trade Dress shows the mark consists of a three-dimensional configuration of a pocket and a flap, as shown below. Counterclaim-Defendant is accusing Counterclaim-Plaintiff of infringement of its Registered Trade Dress.

| Counterclaim-Defendant's Asserted *Unregistered* Trade Dress | Counterclaim-Defendant's *Registered* Trade Dress | (Demonstrative) *Registered* Trade Dress |
| --- | --- | --- |



| (ALL of them are solid lines.) | (Most of them are dotted lines) | |

| Counterclaim-Defendant's Unregistered Trade Dress | Counterclaim-Plaintiff's product |
|---|---|
| "A logo centered on a rounded front pouch with wraparound black straps, side zippered pockets, and mesh side pockets" | The logo is directly printed on the upper center of a solid front pouch (zipper on the side), without a flap, or mesh side pockets |



| Counterclaim-Defendant's *Registered* Trade Dress | (Demonstrative) *Registered* Trade Dress | Counterclaim-Plaintiff's product |
|---|---|---|
| (Most of them are dashed lines) | | |

12. However, the Accused Product is dissimilar to Tushbaby Trade Dress and is not likely to cause confusion to consumers.

13. Counterclaim-Defendant's acts as set forth herein were willful, deliberate, and intentional and were intended to damage Counterclaim-Plaintiff and its business and to stifle competition.

14. Counterclaim-Defendant is also accusing Counterclaim-Plaintiff of infringing Counterclaim-Defendant's Tushbaby Copyrights.

15. However, inter alia, independent creation is a complete defense to a claim of copyright infringement.

16. Counterclaim-Plaintiff photographed a series of images for this product, featuring various compositions, poses, backgrounds, and actions. The photos Counterclaim-Plaintiff used are part of a series of promotional images Counterclaim-Plaintiff created for this product. Counterclaim-Plaintiff hired its own photographer and model, and prior to taking these promotional photos, the Counterclaim-Plaintiff had no knowledge of the Counterclaim-Defendant's copyrighted photos and never referenced them.

17. The Amazon marketplace constitutes Counterclaim-Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for Accused Product, Counterclaim-Plaintiff needs its products listed in the Amazon marketplace.

18. Counterclaim-Defendant's acts as set forth herein have caused, and unless restrained by the Court, will continue to cause sales of the Accused Product to be lost and/or diverted to Counterclaim-Defendant.

19. Upon information and belief, Counterclaim-Defendant is thereby unjustly enriching itself at the expense of, and to the damage and injury of Counterclaim-Plaintiff in an amount to be determined at trial, including but not limited to lost sales of its Accused Products. Furthermore, Counterclaim-Defendant has irreparably harmed Counterclaim-Plaintiff and caused Counterclaim-Plaintiff to suffer a substantial loss of goodwill and reputation, and such harm will continue unless Counterclaim-Defendant is enjoined by this Court.

## COUNT I

### (Declaration of Non-infringement of U.S. Registration No. 7,489,071)

20. Counterclaim-Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

21. This claim arises from an actual and justiciable controversy between the parties regarding whether Counterclaim-Plaintiff's selling of its Accused Product infringes on the Tushbaby Trade Dress.

22. To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy from which Counterclaim-Defendant's accusations have precipitated, Counterclaim-Plaintiff is entitled to declaratory judgment that it does not infringe the Tushbaby Trade Dress.

23. Counterclaim-Plaintiff's Baby Hip Seat Carrier Products and the Tushbaby Trade Dress are completely different. Thus, there cannot be any likelihood of confusion between the Accused Product and the Tushbaby Trade Dress.

24. Therefore, Counterclaim-Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not infringed the Tushbaby Trade Dress, or otherwise create any likelihood of confusion under the Lanham Act, 15 U.S.C. § § 1114-1118 and 1125 and at common law.

# COUNT II

**(Declaration of Invalidity and Order of Cancellation of U.S. Registration No. 7,489,071)**

25. Counterclaim-Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

26. This claim arises from an actual and justiciable controversy between the parties regarding whether the Tushbaby Trade Dress is valid and should be cancelled.

27. To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy from which Counterclaim-Defendant's accusations have precipitated, Counterclaim-Plaintiff is entitled to declaratory judgment that the Tushbaby Trade Dress is invalid and should be cancelled.

28. In fact, the purported Tushbaby Trade Dress is not a "trademark" within the meaning of 15 U.S.C. § 1127. That is, the purported Tushbaby Trade Dress does not function as a source identifier for baby hip seat carrier products.

29. The purported Tushbaby Trade Dress depicted and described in the 071 Registration is not a "symbol" or a "device" used "on" or "in connection with" "goods" within the meaning of 15 U.S.C. § 1125(a)(1), but rather each consists of a feature of "goods" sold by Defendant.

30. It is well-recognized that an alleged trade dress is functional where all of the claimed features are functional and none was added to produce a distinctive appearance that would help consumers identify the product's source.

31. The shape of the Tushbaby Trade Dress depicted and described in the 071 Registration is functional in that (a) it is purely functional to provide additional storage space; (b) its shape, size and thickness are more or less shaped in order to be suitable for front design of the product; (c) its

positioning and size of the baby hip seat carrier product is within narrow parameters for compatibility with the product to provide maximum storage space.

32. These functional specifications are required for providing the baby hip seat carrier product with more storage space, and for this reason, these functional aspects also greatly affect the cost and quality of the products in question.

33. The purported Tushbaby Trade Dress consists of patentable features.

34. Many competitors of Counterclaim-Defendant around the world manufacture and sell baby hip seat carrier products that are in the shape of the front pocket depicted and described in the Tushbaby Trade Dress.

35. Upon information and belief, Counterclaim-Defendant's marketing materials also contain statements that emphasize the utilitarian benefits of the pocket.

36. Thus, the Tushbaby Trade Dress is invalid for functional and should be cancelled.

37. Product design trade dress could never be inherently distinctive and always required proof of secondary meaning.

38. The Tushbaby Trade Dress claims for a product design consists of a three-dimensional configuration of a pocket and a flap.

39. Accordingly, Counterclaim-Defendant mush show that the Tushbaby Trade Dress has acquired secondary meaning.

40. Even Counterclaim-Defendant has acquired a certificate of registration for the Tushbaby Trade Dress, the documents submitted to the Patent and Trademark Office ("***PTO***") by Counterclaim-Defendant are far from established the secondary meaning.

41. Further, none of the documents shows the Defendant direct the potential consumer to look for the certain feature, which is the pocket and slap here, to know that it is from that source.

Counterclaim-Defendant also did not provide any consumer studies to show the alleged Tushbaby Trade Dress has acquired secondary meaning.

42. As contended by Counterclaim-Defendant, it just sold the baby hip seat carrier for six years (from 2018-2024). This is not sufficient to establish secondary meaning.

43. Upon information and belief, Counterclaim-Defendant has never had any "look for" advertising for its Tushbaby Trade Dress and there is no evidence can indicate that consumers associate the asserted Tushbaby Trade Dress with a particular source.

44. Upon information and belief, the design claimed in the Tushbaby Trade Dress is merely a common product configuration. There are many third parties using the similar design for the pockets.

45. Thus, the Tushbaby Trade Dress is invalid and should be cancelled for lacking secondary meaning.

46. On information and belief, Counterclaim-Defendant obtained the registered Tushbaby Trade Dress through misrepresentations to the PTO.

47. During the prosecution of the Tushbaby Trade Dress, Counterclaim-Defendant alleged that the Tushbaby Trade Dress design is not functional. However, as stated herein above, the Tushbaby Trade Dress design is functional.

48. Counterclaim-Defendant also alleged that there are alternative product designs to competitors, which is also knowingly false. Due to the functional specifications required for additional front pocket and storage space, there are no economically feasible alternative designs available for the pocket design.

49. None of the alleged alternative product designs has double front pockets to provide additional storage space. Thus, the Tushbaby Trade Dress should be cancelled.

50. Counterclaim-Plaintiff is and has been damaged in its business by Counterclaim-Defendant's acts.

51. An actual controversy exists between Counterclaim-Plaintiff and Counterclaim-Defendant regarding whether the Tushbaby Trade Dress, is protectable as a trademark under the Lanham Act or under common law.

52. Counterclaim-Plaintiff is entitled to a declaration judgment that the Tushbaby Trade Dress is invalid under Lanham Act and common law, and an order of cancellation of the Tushbaby Trade Dress, for reason of any one of the above reasons as outlined by the Lanham Act.

## COUNT III

### (U.S.C. §1125 Unfair Competition)

53. Counterclaim-Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

54. Counterclaim-Defendant's unlawful acts as set forth above constitute violations of the U.S.C. §1125 with respect to unfair competition.

55. As set forth above, on information and belief Counterclaim-Defendant obtained the registered Tushbaby Trade Dress through misrepresentations to the PTO.

56. Upon information and belief, Counterclaim-Defendant also intentionally, unjustifiably, and maliciously stated to customers, prospective customers and suppliers that Counterclaim-Plaintiff's products infringed its purported trade dress.

57. Upon information and belief, Counterclaim-Defendant wrongfully secured a Temporary Restraining Order based on false allegations of trade dress infringement.

58. Counterclaim-Defendant's acts as set forth above were willful, deliberate, and intentional and were intended to damage Counterclaim-Plaintiff and its business and to stifle competition.

59. Counterclaim-Defendant's unlawful acts have caused and continue to cause irreparable harm to Counterclaim-Plaintiff's business and goodwill.

## COUNT IV

### (Declaration of Non-infringement of U.S. Copyright Registration No. VA 2-360-715, VA 2-360-714, VAu 1-511-350, and VA 2-395-564)

60. Counterclaim-Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

61. Counterclaim-Plaintiff photographed a series of images for this product, featuring various compositions, poses, backgrounds, and actions. The photos Counterclaim-Plaintiff used are part of a series of promotional images Counterclaim-Plaintiff created for this product. Counterclaim-Plaintiff hired its own photographer and model, and prior to taking these promotional photos, the Counterclaim-Plaintiff had no knowledge of the Counterclaim-Defendant's copyrighted photos and never referenced them.

62. Counterclaim-Plaintiff independently crated the alleged infringing promotion photos.

63. Therefore, Counterclaim-Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not infringed the Counterclaim-Defendant's copyright..

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff prays for judgment against Counterclaim-Defendant as follows:

1. Declaring that the importation, manufacturing, marketing, distribution, sale, and/or any other form of commercial use of the Baby Hip Seat Carrier Products do not infringe the Tushbaby Trade Dress U.S. Registration No. 7,489,071;

2. Declaring that the importation, manufacturing, marketing, distribution, sale, and/or any other form of commercial use of the Baby Hip Seat Carrier Products do not infringe the Tushbaby Copyright Office Registrations No. VA 2-360-715, VA 2-360-714, VAu 1-511-350, and VA 2-395-564;

3. Declaring that the Tushbaby Trade Dress U.S. Registration No. 7,489,071, is invalid;

4. Ordering cancellation of the U.S. Registration No. 7,489,071;

5. Awarding Counterclaim-Plaintiff recovers its costs and reasonable attorneys' fees incurred in this action from Counterclaim-Defendant;

6. Awarding Counterclaim-Plaintiff damages due to Counterclaim-Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

7. Awarding pre- and post- judgment interest; and

8. Awarding Counterclaim-Plaintiff such other and further relief as this Court deems is just and proper.

**Jury Trial Demand**

Counterclaim-Plaintiff hereby demands a jury trial on all issues so triable.

November 6, 2024

/s/ Luca L. Hickman
Ruoting Men
GLACIER LAW LLP
41 Madison Ave, Suite 2529
New York, NY 10010

Ruoting.men@glacier.law
212-729-5049

Brandon T. Holmes, Esq. (FBN 1007975)
Luca L. Hickman, Esq. (FBN 118731)
DINSMORE & SHOHL LLP
Tampa City Center
201 North Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone: (813) 543-9835
Email: luca.hickman@dinsmore.com

***Attorneys for Defendant***