UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20941-LEIBOWITZ/GOODMAN

**TUSHBABY, INC.**,

    *Plaintiff/Counter-Defendant*,

v.

**MOMCOZY MATERNITY ESSENTIALS**,

    *Defendant/Counterclaimant.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Tushbaby's Motion to Dismiss Momcozy's Counterclaims (the "Motion") [ECF No. 78], filed on November 26, 2024. The Court has reviewed the Counterclaims, the Motion, the supporting and opposing submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion [ECF No. 78] is GRANTED IN PART and DENIED IN PART, and the Counterclaims [ECF No. 77 at 12–17] are DISMISSED WITHOUT PREJUDICE.

**I.   BACKGROUND**

On November 6, 2024, Momcozy filed its Answer and Affirmative Defenses to Tushbaby's First Amended Complaint as well as Counterclaims. [ECF No. 77]. On November 26, 2024, Tushbaby filed this Motion to Dismiss Momcozy's Counterclaims. [ECF No. 78]. In the Motion, Tushbaby argues that the Counterclaims should be dismissed as an impermissible shotgun pleading. [*Id.* at 5]. Thus, the Court considers whether Momcozy's Counterclaims are an impermissible shotgun pleading.

**II.   LEGAL STANDARD**

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil

Procedure are often referred to as "shotgun pleadings." Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) states:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The "self-evident" purpose of these rules is "to require the pleader to present his claims distinctly and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)). The key characteristic of a shotgun pleading is its failure to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

In *Weiland*, the Court identified four types of shotgun pleadings. The first type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts". *Id.* at 1321. The second type is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is a complaint that fails to separate each cause of action into a separate count. *Id.* The fourth type is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

### III.   DISCUSSION

Upon review of Momcozy's Counterclaims, Tushabby is correct that the Counterclaims are an impermissible shotgun pleading. Momcozy's Counterclaims "contain[ ] multiple counts where each count adopts the allegations of all preceding counts". *Id.* at 1321. This renders it practically impossible

for Tushbaby to determine which allegations support each counterclaim.

Because Momcozy's Counterclaims are an impermissible shotgun pleading, the Court will not consider any other grounds in support of dismissal in Tushbaby's Motion. Therefore, Tushbaby's Motion is GRANTED IN PART and DENIED IN PART. Momcozy's Counterclaims are DISMISSED WITHOUT PREJUDICE. Momcozy may move for leave to file Amended Counterclaims with a copy of the Amended Counterclaims attached that cure the deficiencies this Court has highlighted. The Amended Counterclaims shall include a short and plain statement of the factual allegations forming the basis of each counterclaim and clearly identify which facts support each counterclaim.

If Momcozy does not cure the deficiencies in its Amended Counterclaims, this Court will be well within its discretion to dismiss the Amended Counterclaims with prejudice. *See Jackson v. Bank of Am.*, N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (a district court does not abuse its discretion in dismissing with prejudice a shotgun pleading if the party is given an opportunity to first remedy the defects and fails to do so).

## IV.     CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Tushbaby's Motion to Dismiss Momcozy's Counterclaims [**ECF No. 78**] is **GRANTED IN PART and DENIED IN PART**.

2. Momcozy's Counterclaims [**ECF No. 77 at 12–17**] are **DISMISSED WITHOUT PREJUDICE**.

3. Momcozy shall file a motion for leave to file Amended Counterclaims with a copy of the Amended Counterclaims attached that cures the deficiencies noted and is not a shotgun pleading **no later than March 28, 2025**.

**DONE AND ORDERED** in the Southern District of Florida on March 6, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record