UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| TUSHBABY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE CORPORATIONS, LIMITED LIABILITY COMPANIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | Case No. 24-cv-20941-DSL |

## MOMCOZY'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM

Defendant/Counterclaim-Plaintiff Momcozy Maternity Essentials ("***Momcozy***"), by and through its undersigned counsel, respectfully moves this Court for leave to file its Amended Counterclaims pursuant to Federal Rule of Civil Procedure 15(a)(2) and 6(b)(1)(B).

Momcozy acknowledges the Court's March 6, 2025 Order (ECF No. 87) (the "***Order***"), which, in relevant part, dismissed Momcozy's original Counterclaims without prejudice and set a March 28, 2025 deadline to "file Amended Counterclaims with a copy of the Amended Counterclaims attached that cures the deficiencies noted and is not a shotgun pleading."[1] Due to excusable neglect arising from multiple deadlines falling on the same date and ongoing settlement discussions between the parties, Momcozy now seeks leave to file its Amended Counterclaims four (4) business days after the deadline. For the reasons stated below, granting leave is consistent with principles of justice, judicial efficiency, and the Federal Rules of Civil Procedure.

---

[1] Momcozy understands that the Court styled the order in this way since the February 7, 2025 deadline to amend pleadings under the Scheduling Order (ECF No. 85) had already elapsed. This was a gracious concession by the Court which Momcozy appreciated and would have taken full advantage of but for its inadvertent oversight discussed herein.

1

## INTRODUCTION

This Motion arises from a procedural oversight rooted in having several deadlines fall on the same day and in good-faith efforts to resolve this dispute amicably. For context, the parties engaged in intensive settlement negotiations from March 20, 2025, through April 1, 2025, including a direct dialogue between principals on April 1, 2025, without counsel present. Momcozy had three deadlines in this case schedule for March 28, 2025, namely:

(i)     a deadline to file a notice of mediator selection;

(ii)    a deadline to proffer discovery responses; and

(iii)   the underlying deadline to file a motion for leave to amend the counterclaims.

With respect to point (i), the Parties agreed on the mediation details and timely filed a notice (*see* ECF No. 88). With respect to point (ii), in the interests of avoiding unnecessary litigation costs pending potential resolution, the parties also mutually agreed to extend several discovery deadlines including Momcozy's March 28th discovery deadline. Unfortunately, however, Defendant inadvertently failed to address the March 28, 2025 deadline for Momcozy's Amended Counterclaims due to an internal miscommunication.

This motion is being filed a mere four business days after the March 28th deadline and imposes no prejudice on Plaintiff. Plaintiff already had notice as to the nature of Momcozy's claims, and, in any event, those claims do not expand the scope of the case. As reflected in the attached proposed amended answer and counterclaims, Plaintiff has narrowed the counterclaims to three simple declaratory judgment counts which involved the same issues of non-infringement and invalidity which will be part of the case regardless. However, denying leave to amend would irreparably harm Momcozy by barring core defenses of non-infringement and invalidity. Given the severity of such hard to Momcozy, the undersigned respectfully requests an oral hearing on

this motion in the event that the Court is inclined to deny the relief requested.

## LEGAL STANDARD

Rule 6 applies "in computing any time period specified in [the Federal] rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Under Rule 6(b), the "court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b) (emphasis added); *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 943-44 (11th Cir. 2015); *see also* FLSD Local Rule 7.1(a)(1)(J). A Court's determination of what sort of neglect will be considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). The Eleventh Circuit has further explained that in determining whether a party has shown "excusable neglect":

> a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'

*Payne*, 606 F. App'x at 944 (*citing Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)). Courts in the Southern District of Florida routinely apply these factors to grant extensions where the delay is minimal, the reason is reasonable, and the movant demonstrates diligence. Here, all of the relevant factors weigh in favor of granting leave.

## ARGUMENT

I. **The Five-Day Delay Constitutes Excusable Neglect Under Pioneer**

   A. **No Prejudice to Plaintiff**

Plaintiff will suffer no prejudice from a four (4) business day delay. The proposed Amended Counterclaims assert defenses of non-infringement and invalidity of the Tushbaby Trade

3

Dress—claims that are intrinsic to any trademark dispute – and non-infringement of Tushbaby's asserted copyrights. These counts do not introduce new facts or theories but instead clarify Momcozy's position. Courts in this District have repeatedly held that amendments causing "no undue, prejudicial surprise" should be freely permitted. *Crocker v. Beatty*, No. 16-14162-CIV, 2016 U.S. Dist. LEXIS 177518, at *14 (S.D. Fla. Dec. 21, 2016), report and recommendation adopted sub nom. *Crocker v. Beatty*, No. 2:16-CV-14162-ROSENBERG/LYNCH, 2017 U.S. Dist. LEXIS 226867, at *2 (S.D. Fla. Jan. 10, 2017). Moreover, Plaintiff has long been aware of Momcozy's intent to challenge the validity of its trade dress / copyrights. The original Counterclaims placed Plaintiff on notice of these defenses, and the Amended Counterclaims merely refine the pleading to comply with Rule 8(a). Allowing amendment promotes judicial efficiency by ensuring the case proceeds on the merits.

### B. The Delay Was Minimal and Non-Disruptive

A four (4) business day delay, including weekends, is *de minimis* and will not disrupt the proceedings.

### C. The Delay Stemmed from Good-Faith Settlement Efforts

As noted above, the delay resulted from an internal miscommunication triggered by the number of deadlines falling on the same date and from the parties' intensive settlement discussions. From March 20 to April 1, 2025, counsel exchanged multiple proposals and participated in a principal-led meeting on April 1, 2025, to explore resolution. The oversight in complying with the March 28 deadline was inadvertent. The parties had already agreed to extend other deadlines, including discovery responses, but the March 28 date was inadvertently omitted due to the focus on negotiations. This oversight constitutes "excusable neglect," not dilatory conduct. *Pioneer*, 507 U.S. at 3888 (neglect "encompasses both simple, faultless omissions to act and, more commonly,

4

omissions caused by carelessness….Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control").

**D.     The Delay Was Outside of Momcozy's Control**

While Momcozy's counsel was aware of this deadline, as noted above, the delay resulted from an internal miscommunication triggered by the number of deadlines falling on the same date and from the parties' intensive settlement discussions. These circumstances were outside of Momcozy's control.

**E.     Momcozy Acted in Good Faith**

Momcozy acted diligently upon discovering the oversight. As soon as this error was discovered, (on April 2, 2025), Momcozy's counsel immediately contacted Plaintiff's counsel and began preparing this motion. There is no evidence of bad faith or gamesmanship.

**II.    Amendment is Warranted Under Rule 15(a)(2)**

The proposed Amended Counterclaims cure the deficiencies identified by the Court. The original Counterclaims were dismissed as a "shotgun pleading" because each count adopted all preceding allegations. *See* Order at 3-4 ("Momcozy's Counterclaims contain multiple counts where each count adopts the allegations of all preceding counts. This renders it practically impossible for Tushbaby to determine which allegations support each counterclaim." (cleaned up)). The Amended Counterclaims, attached as Exhibit A, provide a "short and plain statement" for each claim, as required by Rule 8(a)(2), and segregate factual allegations by count. They further eliminate a Court to make the case more streamlined.

Denying leave would unjustly penalize Momcozy for technical pleading errors while depriving it of the opportunity to litigate defenses central to this case. The Eleventh Circuit has

5

repeatedly emphasized the importance of "deciding cases on their merits," not procedural technicalities. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680-81 (11th Cir. 1984).

## CONCLUSION

For the foregoing reasons, Momcozy respectfully requests that this Court to Grant leave to file the Amended Counterclaims (attached as Exhibit A). Counsel for Momcozy has conferred with counsel for Plaintiff (which indicated it will oppose this Motion).

/s/ Luca L. Hickman, Esq.
Ruoting Men
GLACIER LAW LLP
41 Madison Ave, Suite 2529
New York, NY 10010
Ruoting.men@glacier.law
212-729-5049

Luca L. Hickman, Esq. (FBN 118731)
Brandon T. Holmes, Esq. (FBN 1007975)
Dinsmore & Shohl LLP
Tampa City Center
201 North Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone: (813) 543-9835
Email: luca.hickman@dinsmore.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court.

April 3, 2025                                              /s/ Luca L. Hickman