UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TUSHBABY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MOMCOZY MATERNITY ESSENTIALS,<br><br>    Defendant. | Consolidated Under Lead Case No. 1:24-cv-20941 |

**TUSHBABY'S RESPONSE IN OPPOSITION TO MOMCOZY'S
MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS**

Plaintiff Tushbaby, Inc. opposes Defendant Momcozy Maternity Essentials' motion for leave to file amended counterclaims. [ECF No. 90] (the "Motion"). Momcozy has not satisfied its burden because its counsel's alleged "oversight" does not constitute excusable neglect under controlling law, and, either way, the evidence demonstrates that there were no "intensive settlement discussions" in the days leading up to the March 28 deadline contrary to Momcozy's basis for the neglect. For those reasons, the Motion should be denied.

**BACKGROUND**

1. This is an action against Momcozy related to Tushbaby's intellectual property rights. [*See*, *generally*, ECF No. 41].

2. On November 6, 2024, Momcozy answered the operative complaint and filed counterclaims. [ECF No. 77].

3. On November 26, 2024, Tushbaby moved to dismiss Momcozy's counterclaims on substantive bases, and because the counterclaims were a shotgun pleading, [*see* ECF No. 78].

4. While Tushbaby's motion to dismiss was pending, the parties filed a joint scheduling report on January 8, 2025 [ECF No. 83], and several days later, on January 17, 2025, Tushbaby served written discovery on Momcozy along with initial disclosures. *See* Declaration of James Slater ¶ 4 ("Slater Decl."), which is being filed herewith.

5. On February 12, 2025, Momcozy's counsel sought three additional weeks to respond to the discovery requests, to which Tushbaby consented, and on March 7, 2025, Momcozy's counsel sought a second extension—to March 28, 2025—to which Tushbaby again consented. *See id.* ¶¶ 7–9. Reference was made to settlement offers in those emails, but they could hardly be characterized as "intense" efforts to resolve the case. *See infra* ¶ 12.

6. On March 6, 2025, the Court issued an order on Tushbaby's motion to dismiss, granting it in part. The Court dismissed Momcozy's counterclaims in their entirety without prejudice on the basis that they constituted an impermissible shotgun pleading. [ECF No. 87]. The Court further ordered:

> "Momcozy shall file a motion for leave to file Amended Counterclaims with a copy of the Amended Counterclaims attached that cures the deficiencies noted and is not a shotgun pleading **no later than March 28, 2025.**" [*Id.* at 3].

7. On March 18, 2025, Tushbaby's counsel emailed Momcozy's counsel regarding mediator selection, which was due on March 28, 2025 per the scheduling order. *See* Slater Decl. ¶ 11.

8. Having received no response—or any other communications from Momcozy's counsel in the interim—on March 24, 2025, Tushbaby's counsel reminded Momcozy's counsel that the mediation notice was due soon, writing: "All our mediation notice is due Friday. Please advise." *See id.* ¶ 12.

9. On March 25, 2025, Momcozy's counsel responded, not to confirm the mediator selection, but to note that Momcozy's principals wanted to speak to Tushbaby's principals directly, without attorney involvement. *See id.* ¶ 13.

10. On March 26, Tushbaby's counsel confirmed that the parties' principals could meet the week of March 31—after the March 28 deadline. Tushbaby's counsel furthermore reminded Momcozy's counsel that the parties were required to select a mediator, but that counsel could work together to reschedule the mediation date if the parties could not reach an agreement before then. *See id.* ¶ 15. Nonetheless, Tushbaby's counsel reminded Momcozy's counsel that "we just need to get a date to the court now to comply with the order." *See id.* That same day, Momcozy's counsel confirmed that they were agreeable to the mediator selection, and further proposed to Tushbaby's counsel that the parties mutually push back discovery response deadlines again. *See id.* ¶¶ 16–17.

11. At no point did Momcozy suggest moving out the deadline to file amended counterclaims. *See id.* ¶ 22. Instead, the very first time Momcozy's counsel ever requested an extension was on April 2—five (5) days after the deadline had already passed. *See id.* ¶ 23.

12. Between the Court's March 6 order dismissing Momcozy's counterclaims without prejudice, and the March 28 deadline for Momcozy to file the proposed counterclaims, the only settlement communications consisted of (i) a March 10 email from Tushbaby's counsel presenting a revised settlement demand; (ii) a March 25 email from Momcozy's counsel indicating that Momcozy would like to talk with Tushbaby directly; and (iii) a March 26 email from Tushbaby's counsel confirming that Tushbaby was agreeable to such a meeting, and requesting that Momcozy's counsel propose times for the following week. *See id.* ¶¶ 11–12, 21. That meeting was not even confirmed until March 31—after the March 28 deadline to file proposed amended counterclaims had already passed. *See id.* ¶ 20.

**MEMORANDUM OF LAW**

Seeking to minimize its violation of this Court's March 6 order, Momcozy argues that it should be permitted to file its belated counterclaims under Rule 6(b) based on its counsel's purported excusable neglect.[1] The determination of whether conduct satisfies this standard (whether in the Rule 6(b) or 60(b) context) is an "equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The relevant circumstances include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

It is well established in this Circuit that an attorney's error based on a misunderstanding of the law is an insufficient basis to excuse missing a deadline. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)). In fact, the Eleventh Circuit is "wary of granting Rule 60(b) relief for excusable neglect based on claims of attorney error." *Revere v. McHugh*, 362 F. App'x 993, 999 (11th Cir. 2010) (citing *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)); *see also In re Keitel*, 852 F. App'x 463, 468 (11th Cir. 2021) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation," quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*,

---

[1] Notably, if it were not for the fact that Tushbaby's affirmative claims are still active, this court would not even have jurisdiction to consider Momcozy's request, and the only remedy would be an appeal for the order of dismissal. *See Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir. 1994) (explaining that an order dismissing a complaint with leave to amend within a specified time period becomes a final order subject to appeal when the time period allowed for amendment expires); *Hurley v. Anderson*, 2017 WL 4304894, at *2 (S.D. Fla. May 30, 2017) (striking amended complaint that was filed shortly after the deadline to do so expired, because parties' failure to meet deadline turned prior dismissal into a final order, such that court no longer had jurisdiction to accept belated amendment). Indeed, Rule 60(b) should apply here, as the failure to timely act means that Momcozy is really seeking relief from an order which is now final.

803 F.2d 1130, 1132 (11th Cir. 1986))); *Revere*, 362 F. App'x at 999 (reiterating precedent that counsel's "oversight" in failing to respond to a motion does not constitute excusable neglect, even if the oversight "appear[s] to penalize innocent clients for the forgetfulness of their attorneys," quoting *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1132). The excusable-neglect determination is primarily an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, Momcozy's failure to provide even an iota of evidence to support its proffered justification for the delay is grounds alone for denial of its motion. *Ganier v. Ramsgate Ins., Inc.*, 2018 WL 7371262, at *3 (M.D. Fla. July 9, 2018) ("[I]t cannot be said that 'the lack of substantial prejudice to the non-moving party so tips the scale in favor of [Defendants] that [the Court] should excuse [their] failure to make even the barest showing of a meritorious defense or to present a good reason for failing to respond to the complaint,'") quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003)). Momcozy's motion focuses on the purportedly minimal nature of the delay and lack of prejudice, but this puts the cart before the horse. Momcozy has provided no factual support for its contention that the neglect was ***excusable***, as courts in this Circuit universally require. *See, e.g., Vazquez v. Uooligan Gas Station Convenience Store Inc*, 2020 WL 7390020, at *2 (M.D. Fla. Oct. 16, 2020) (finding no excusable neglect even absent prejudice, bad faith, or adverse impact on proceedings, because "the motion is not accompanied by any evidence supporting the proffered excuse"); *Durham v. Aerial Funding, LLC*, 2022 WL 17663475, at *3 (N.D. Ga. Mar. 7, 2022) ("[Defendant] has presented no evidence of excusable neglect that would justify its untimely motion . . . ."); *see also Ryder Truck Rental, Inc. v. Logistics Res. Sols., Inc.*, 2022 WL 2658986, at *3 (S.D. Fla. Apr. 12, 2022) (explaining that burden is on movant to show excusable neglect, and finding that movants' bare statement of excusable neglect

5

did not support consideration of belatedly-filed affidavits).[2]

*Without* any factual support, Momcozy offers two bases for its delay in a wholly conclusory manner. Neither is excusable:

*First*, Momcozy refers in passing to an "internal miscommunication." *See* Mot., at 4. But Momcozy provides no evidence of this miscommunication. There is simply nothing in the record as to what this purported miscommunication even entailed, let alone how it impacted Momcozy's ability to meet its filing deadline, or at the very least, seek an extension of the deadline *before* it already passed. Notably, as Momcozy concedes, its counsel were well aware of the deadlines in this case. And they **were all copied** on communications with Tushbaby's counsel concerning moving other deadlines in this case. Slater Decl. Ex. A. It is hard to imagine what miscommunication could have caused not one of Momcozy's counsel to address the deadline to file proposed counterclaims until five (5) days after that deadline passed.[3] Moreover, while delays, in certain cases, can be excused if they are attributable to miscommunication, *see Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201–202 (11th Cir. 1999), courts in this District have routinely held that the failure to calendar a deadline does not constitute excusable neglect. *Zabala v. Integon Nat'l Ins. Co.*, 2020 WL 2129584, at *1 (S.D. Fla. May 5, 2020) (Scola, J.) ("[T]he inadvertent failure to calendar the motion to dismiss deadline was not excusable neglect."); *Moreiras v. Scottsdale Ins. Co.*, 2020 WL 4793445, at *2 (S.D. Fla. Aug. 8, 2020)

---

[2] Momcozy attempts to characterize the delay as *de minimis*, but given its inability to provide even basic factual support for why its delay is purportedly excusable, the length of the delay is immaterial. *See, e.g., Strutton v. Anderson*, 2023 WL 9228290, at *3 (S.D. Fla. July 18, 2023) (no excusable neglect when filing a few days after deadline); *Messer v. Merck & Co.*, 2018 WL 11649509, at *2 (S.D. Fla. Sept. 12, 2018) (no excusable neglect in failing to file amended complaint 4 days after deadline).

[3] Momcozy furthermore argues that such circumstances were outside of its control. *See,* Mot. at 5. But an internal miscommunication is, almost by definition, within one's own control.

(Bloom, J.) (same).

*Second*, Momcozy blankly states that the delay resulted from "the parties' intensive settlement discussions from March 20 to April 1, 2025" in which "counsel exchanged multiple proposals and participated in a principal-led meeting on April 1, 2025, to explore resolution." *See* Mot. at 4. Setting aside that this meeting took place ***after*** the March 28 deadline had already passed, and setting aside that ongoing settlement discussions do not provide grounds to extend court-ordered deadlines (let alone grounds to violate those deadlines),[4] Momcozy does not provide ***any*** evidence of these purported "intensive settlement discussions." This is because there is none. Contrary to Momcozy's representation, the sole settlement communication of any substance was a March 10 email sent by Tushbaby's counsel presenting a revised demand. Slater Decl. ¶ 8. Momcozy never responded to that offer, and instead proposed that the parties hold a meeting to discuss settlement directly, but that meeting ***was not even confirmed until after the deadline had passed***.

Simply put, the record contradicts Momcozy's own characterizations. Instead, the Court should consider Momcozy's actual reason, which it explained in an effort to confer on the matter: "As you know, the settlement discussions between both parties did not reach an agreement as expected. Therefore, we would like to request a 7-day extension to submit the amended counterclaim." Slater Decl. Ex. D. Momcozy admits that it expected the case to settle and therefore did not file the counterclaims; the Court should not reward Momcozy for its gambit.

---

[4] *See, e.g., Stephens v. Alltran Fin., LP*, 325 F.R.D. 711, 712 (N.D. Ga. 2018) ("[T]he pursuit of settlement, by itself, is not good cause to justify the extension of deadlines . . . ."); *Clowers v. OneWest Bank*, FSB, 572 F. App'x 822, 823 (11th Cir. 2014) ("Plaintiffs cite no authority for the proposition that ongoing settlement negotiations or even the existence of a potential settlement agreement constitute categorically "good cause" for an extension . . . .").

7

Because the basis for Momcozy's delay is without support, and because the evidence supplied in response contradicts Momcozy's contentions, the Motion should be denied. Momcozy does not, because it cannot, make the requisite showing of excusable neglect necessary to support the filing of its proposed amended counterclaims out-of-time.

## CONCLUSION

For all these reasons, the Court should deny Momcozy's motion.

Dated: April 14, 2025

                                                Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
ESCA Legal LLC
9000 Dadeland Blvd. #1500
Miami, FL 33156
Tel.: (305) 523-9023
james@esca.legal

Leo M. Lichtman (admitted *pro hac vice*)
ESCA Legal LLC
1117 Sixth Avenue, Fifth Floor
New York, NY 10036
Tel.: (347) 745-2535
leo@esca.legal

*Attorneys for Plaintiff Tushbaby, Inc.*