UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| TUSHBABY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE CORPORATIONS, LIMITED LIABILITY COMPANIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 24-cv-20941-DSL |

**MOMCOZY'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM**

Defendant/Counterclaim-Plaintiff Momcozy Maternity Essentials ("***Momcozy***"), by and through its undersigned counsel, respectfully files this reply in further support of its Motion for Leave to file its Amended Counterclaims ("***Motion for Leave***") [ECF No. 90] and in response to Plaintiff Tushbaby, Inc.'s ("***Tushbaby***") Response in Opposition to Momcozy's Motion for Leave to File Amended Counterclaims ("***Response in Opposition***") [ECF NO.91] pursuant to Federal Rule of Civil Procedure 15(a)(2) and 6(b)(1)(B).

I. **INTRODUCTION**

In its Response in Opposition, Tushbaby places a disproportionate emphasis on the procedural formality of Momcozy's brief delay while ignoring the equitable considerations mandated by the Supreme Court in *Pioneer Inv. Servs.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). In evaluating excusable neglect under Rule 6(b)(1)(b), courts must engage in an equitable remedy that considers all relevant circumstances including: (1) the danger of prejudice to the non-movant (*i.e.*, Tushbaby); (2) the length of the delay and its potential impact on the

1

proceedings; (3) the reasoning behind the delay and whether it was within the reasonable control of the movant (*i.e.*, Momcozy); and (4) whether the movant (*i.e.*, Momcozy) acted in good faith.

When all four *Pioneer* factors are considered together, it is clear that they support a finding of excusable neglect and together weigh strongly in favor of granting Momcozy's Motion for Leave. Specifically: (1) Tushbaby was not, is not, and will not be prejudiced by Momcozy's delay (and, indeed, conceded as much in its Response in Opposition); (2) the delay was brief and inconsequential (a mere four business days); (3) the delay arose from good-faith miscommunication during case management and ongoing settlement discussions and an internal miscommunication; and (4) Momcozy acted promptly (within one business day) to correct the issue. Accordingly, Momcozy's Motion for Leave should be granted. Moreover, regardless of these factors, the Court has the discretionary authority to grant the Motion to avoid an unjust result (which it should do here). This is all the more true where, as here, the proposed counterclaims do not enlarge the scope of the case (and, instead, are merely the "flip side" of Plaintiff's claims).

**II.      LEGAL STANDARD**

Rule 6 applies "in computing any time period specified in [the Federal] rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Under Rule 6(b), the "court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b) (emphasis added); *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 943-44 (11th Cir. 2015); *see also* FLSD Local Rule 7.1(a)(1)(J). A Court's determination of what sort of neglect will be considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498. The Eleventh Circuit has further explained that in determining whether a party has shown "excusable neglect":

a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'

*Payne*, 606 F. App'x at 944 (*citing Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)). Courts in the Southern District of Florida routinely apply these factors to grant extensions where the delay is minimal, the reason is reasonable, and the movant demonstrates diligence. Here, all of the relevant factors weigh in favor of granting leave.

### III.    ARGUMENT

#### i. Tushbaby is not prejudiced by Momcozy's four (4) business day delay.

Tushbaby cannot plausibly claim surprise towards Momcozy's proposed counterclaims [ECF No. 90-1]. Tushbaby has long been on notice of the nature and substance of Momcozy's proposed counterclaims. The counterclaims are from the same transactional nucleus and are based on the very same theories set forth in Momcozy's First Amended Complaint [ECF No. 77] filed on November 6, 2024. The proposed counterclaims [ECF No. 90-1] included declaratory judgement counterclaims for non-infringement and invalidity of certain asserted trade dress / non-infringement of certain copyrights. Courts in this District have repeatedly held that amendments causing "no undue, prejudicial surprise" should be freely permitted. *Crocker v. Beatty*, No. 16-14162-CIV, 2016 U.S. Dist. LEXIS 177518, at *14 (S.D. Fla. Dec. 21, 2016), *report and recommendation adopted sub nom. Crocker v. Beatty*, No. 2:16-CV-14162-ROSENBERG/LYNCH, 2017 U.S. Dist. LEXIS 226867, at *2 (S.D. Fla. Jan. 10, 2017).

These proposed counterclaims directly mirror the claims Momcozy would have asserted in its timely amended pleading but for the brief delay caused by excusable neglect. Where a party moves to cure pleading defects with no surprise to the opposing party, leave to amend should be freely granted. *Staley* v. *City of Elba*, 2025 U.S. Dist. LEXIS 57244, *3-4. Furthermore, "Unless

3

a substantial reason exists to deny leave to amend, the discretion of the district court is not to broad enough to permit denial" *Id*. (citing *Evergreen Foliage* v. *E.I. Dupont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 1989)). Thus, Tushbaby cannot argue that it is prejudiced when Tushbaby has had almost five (5) months of notice about the very counterclaims Momcozy now seeks to file.

   ii. **Momcozy's four (4) business day delay is minimal and has no impact on judicial proceedings.**

The delay in filing Momcozy's Amend to Leave was minimal and occurred at an early stage of litigation. Both parties are still in the early part of the discovery phase. The Eleventh Circuit has held that even longer delays (longer than the current 4 business day delay in the present case) can be considered excusable neglect when the moving party acts in good faith and quickly seeks to remedy the error. *See Walter* v. *Blue Cross & Blue Shield United of Wisc.*, 181 F.3d 1198 (11th Cir. 1999) (finding excusable neglect when a calendaring error caused the plaintiff to miss a response deadline by one month).

   iii. **Momcozy's four (4) business day delay stemmed from good-faith settlement efforts.**

Tushbaby's reliance on *Zabala v. Integon Nat'l Ins. Co.*, Civil Action No. 20-20751-Civ-Scola, 2020 U.S. Dist. LEXIS 78719, at *1 (S.D. Fla. May 5, 2020) in its Response in Opposition is misplaced. In *Zabala*, the court declined to excuse a missed deadline to respond to a motion to dismiss. Specifically, the only justification the movant in *Zabala* offered for the delay is a complete failure to calendar the applicable deadline, with no context of any other litigation task or engagement with opposing counsel. *Id.* at 2. That is not the case here. In contrast, Momcozy's four business delay occurred in the midst of active and intense settlement efforts and involved an internal miscommunication. During the period leading up to the March 28 deadline, counsel for

each party were regularly communicating about mediation, settlement, and discovery extensions amongst other matters. *See* [ECF No. 91-1, Slater Decl. ¶¶ 10-17]. The unexplained continued lapse by movant in *Zabala* should not be compared to the good-faith procedural oversight that occurred in this active litigation. *Zabala* also involved a situation where the Plaintiff "demonstrated a clear pattern of delay or willful contempt" – something which also is not present here. *Zabala*, 2020 U.S. Dist. LEXIS 78719, at *1.

      iv.    **<u>Momcozy acted in good faith and promptly corrected the issue.</u>**

As Momcozy stated in its Motion for Leave, as soon as this error was discovered on or about (April 2, 2025), Momcozy's counsel immediately contacted Plaintiff's counsel and began preparing its Motion for Leave. There is no evidence, nor any allegation, that Momcozy's delay was willful, strategic or arranged to gain some type of advantage over Tushbaby. On the contrary, Momcozy acted swiftly and transparently by immediately contacting Plaintiff's counsel and filing its Motion for Leave within 24 hours of such contact.

      v.    **<u>Granting Momcozy's Motion for Leave would be in accordance with Under rule 15(a)(2).</u>**

The proposed Amended Counterclaims cure the deficiencies identified by the Court. The original Counterclaims were dismissed as a "shotgun pleading" because each count adopted all preceding allegations. *See* Order at 3-4 ("Momcozy's Counterclaims contain multiple counts where each count adopts the allegations of all preceding counts. This renders it practically impossible for Tushbaby to determine which allegations support each counterclaim." (cleaned up)). Denying Momcozy's Motion for Leave would not only go against the equitable factors that weigh heavily in favor of Momcozy's ability to amend but would also result in a procedurally inefficient adjudication. In contrast, allowing Momcozy's Motion for Leave would allow the Court to resolve all the present issues concerning validity and enforceability of the intellectual

5

property assets being asserted in the present case.

## IV. CONCLUSION

For the foregoing reasons, Momcozy respectfully requests this Court Grant Momcozy's Motion for Leave. As noted in Momcozy's underlying Motion for Leave, Momcozy respectfully requests an oral hearing on this motion in the event that the Court is inclined to deny the relief requested (given the severity of such a result).

Respectfully Submitted,

April 21, 2025

/s/ Luca L. Hickman, Esq.
Ruoting Men
GLACIER LAW LLP
41 Madison Ave, Suite 2529
New York, NY 10010
Ruoting.men@glacier.law
212-729-5049

Luca L. Hickman, Esq. (FBN 118731)
Brandon T. Holmes, Esq. (FBN 1007975)
Dinsmore & Shohl LLP
Tampa City Center
201 North Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone: (813) 543-9835
Email: luca.hickman@dinsmore.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court.

April 21, 2025                                          /s/ Luca L. Hickman

7