UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20941-LEIBOWITZ/GOODMAN

**TUSHBABY, INC.**,

    *Plaintiff*,

v.

**THE CORPORATIONS, LIMITED LIABILITY COMPANIES, AND UNINCORPORATED ASSOCIATIONS ON SCHEDULE A**,

    *Defendants*.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Momcozy's ("Defendant" or "Momcozy") Motion for Leave to File Amended Counterclaim [ECF No. 90] (the "Motion"), filed on April 3, 2025. Plaintiff Tushbaby, Inc. ("Plaintiff" or "Tushbaby") filed a response to the Motion (the "Response") [ECF No. 91], and Defendant filed a reply in support of the Motion (the "Reply") [ECF No. 92]. Defendant seeks leave to file its Amended Counterclaims four (4) business days after the deadline due to excusable neglect arising from multiple deadlines falling on the same date and ongoing settlement discussions between the parties. [ECF No. 90 at 1]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons set forth below, the Motion is DENIED.

On March 6, 2025, the Court granted in part and denied in part Plaintiff's Motion to Dismiss Momcozy's Counterclaims [ECF No. 78] on the basis that Momcozy's Counterclaims were a shotgun pleading. [ECF No. 87 at 3]. The Court ordered that "Momcozy shall file a motion for leave to file Amended Counterclaims with a copy of the Amended Counterclaims attached that cures the deficiencies noted and is not a shotgun pleading no later than March 28, 2025." [*Id.*]. Momcozy did

not file its Amended Counterclaims on March 28, 2025. Momcozy argues that it missed the deadline due to "a procedural oversight rooted in having several deadlines fall on the same day and in good-faith efforts to resolve this dispute amicably." [ECF No. 90 at 2]. Momcozy further alleges that "the parties engaged in intensive settlement negotiations from March 20, 2025, through April 1, 2025[.]" [*Id.*]. Plaintiff argues in its Response that "Momcozy has not satisfied its burden because its counsel's alleged 'oversight' does not constitute excusable neglect under controlling law, and, either way, the evidence demonstrates that there were no 'intensive settlement discussions' in the days leading up to the March 28 deadline contrary to Momcozy's basis for the neglect." [ECF No. 91 at 1].

> Rule 6(b) of the Federal Rules of Civil Procedure provides that:
>
> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Thus, Momcozy must establish excusable neglect to be permitted an extension here.

Momcozy provides no evidence in support of its justification for the delay. Momcozy simply states that the delay resulted from an internal miscommunication [ECF No. 90 at 5]; however, "the motion is not accompanied by any evidence supporting the proffered excuse[,]" *Vazquez v. Uooligan Gas Station Convenience Store Inc*, 2020 WL 7390020, at *2 (M.D. Fla. Oct. 16, 2020). Momcozy also states the delay stemmed from "intensive settlement discussions" where counsel exchanged "multiple proposals" from March 20, 2025 to April 1, 2025 [ECF No. 90 at 4]; however, the motion similarly is not accompanied by any evidence to support that justification. Plaintiff's Response also contradicts that representation. Plaintiff argues that there were no intensive settlement discussions, and "[c]ontrary to Momcozy's representation, the sole settlement communication of any substance was a March 10 email sent by Tushbaby's counsel presenting a revised demand." [ECF No. 91 at 7].

Without any evidence submitted by Momcozy to justify it excuses, Momcozy cannot establish excusable neglect.

Furthermore, Plaintiff submitted Momcozy's email to Plaintiff requesting an extension as evidence in support of its Response. [ECF No. 91-1 at 26]. Momcozy's counsel wrote on April 2, 2025 the following: "As you know, the settlement discussions between both parties did not reach an agreement as expected. Therefore, we would like to request a 7-day extension to submit the amended counterclaim. The current deadline for the amended counterclaim is March 28, 2025. The extended deadline would be April 4, 2025." [*Id.*]. Therefore, without any evidence of Momcozy's proffered excuses, this email suggests that Momcozy expected the case to settle and did not file its counterclaims as a result and now seeks a late extension. The Court will not grant such extension here. Momcozy has not met its burden to show excusable neglect necessary to support the filing of its proposed Amended Counterclaims out of time.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Leave to File Amended Counterclaim [**ECF No. 90**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on April 22, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record